1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROLANDO O'BIGGS, | ) | CV F- 04-6152 OWW DLB P |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| C. WILLIAMS, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  Pending before the Court is plaintiff's complaint, filed August 24, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1    In the instant case, plaintiff brings action against Captain Williams, Captain Beuhler and

2    M.C. Davis.  Plaintiff alleges that on October 15, 2002, he was placed on lock-down status until

3    January 17, 2003, which plaintiff contends was cruel and unusual punishment.

4    Plaintiff alleges that he filed inmate appeals regarding the "unlawful" placement in

5    administrative segregation but he has not received a response.

6    Plaintiff contends that his 90 days on lock down status, his additional 16 days on modified

7    program status and the refusal to process his inmate appeals violated his constitutional rights.

8    I.    Due Process

9    The Due Process Clause protects prisoners from being deprived of liberty without due

10   process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action

11   for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty

12   interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause

13   itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause

14   itself does not confer on inmates a liberty interest in being confined in the general prison population

15   instead of administrative segregation.  See Hewitt, 459 U.S. at 466-68.  With respect to liberty

16   interests arising from state law, the existence of a liberty interest created by prison regulations is

17   determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84

18   (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which

19   "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

20   prison life."  Id. at 484.

21   Plaintiff is not entitled to procedural due process protections in a vacuum.  In order to be

22   entitled under federal law to any procedural due process protections, plaintiff must first have a liberty

23   interest at stake.  Plaintiff has alleged no facts that establish the existence of a liberty interest in

24   remaining free from "lock-down" or modified program status.  Id.; see also May v. Baldwin, 109

25   F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty

26   interest in freedom from state action taken within sentence imposed and administrative segregation

27   falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted);

28

1   Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU

2   was within range of confinement normally expected by inmates in relation to ordinary incidents of

3   prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in

4   the SHU) (quotations omitted).  Because plaintiff has not established the existence of a liberty

5   interest in remaining free from lock-down, plaintiff may not pursue a claim for relief under section

6   1983 for deprivation of procedural due process.  The court will grant plaintiff an opportunity to

7   amend the complaint to allege facts establishing a liberty interest in remaining free from lock-down,

8   if he can do so.  Further, even if plaintiff had a liberty interest in remaining free from lock-down,

9   plaintiff must allege facts to support his claim he was deprived of the procedural due process

10  protections he was due.  See Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  Due

11  Process does not require that plaintiff be provided with "detailed written notice of charges . . ." or "a

12  written decision describing the reasons for placing the prisoner in administrative segregation," and

13  "due process does not require the disclosure of the identity of any person providing information

14  leading to the placement of a prisoner in administrative segregation."  Id.

15          Moreover, prisoners have no constitutional right to a particular classification status, see

16  Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be

17  incarcerated at a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

18  II.      Inmate Appeals

19          As discussed, the Due Process Clause protects prisoners from being deprived of liberty

20  without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a

21  cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty

22  interest for which the protection is sought.  "States may under certain circumstances create liberty

23  interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84

24  (1995).  Liberty interests created by state law are generally limited to freedom from restraint which

25  "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

26  prison life."  Sandin, 515 U.S. at 484.

27          "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

28

1  right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v.</u>

2  <u>DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th

3  Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

4  procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

5  confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,

6  it does not give rise to a protected liberty interest requiring the procedural protections envisioned by

7  the Fourteenth Amendment." <u>Azeez v. DeRobertis</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F.

8  Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing prisoner's administrative appeal cannot serve

9  as the basis for liability under a § 1983 action.  <u>Buckley</u>, 997 F.2d at 495.

10      Defendants' actions in connection with plaintiff's appeal, alone, cannot give rise to any

11  claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that

12  defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon

13  which relief may be granted under section 1983.

14  <u>III.    Eighth Amendment</u>

15      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

16  conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452

17  U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must

18  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  <u>Id.</u>;

19  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246

20  (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement,

21  prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk

22  of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

23      The deliberate indifference standard involves an objective and a subjective prong.  First, the

24  alleged deprivation must be, in objective terms, "sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S.

25  825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official

26  must "know of and disregard an excessive risk to inmate health or safety." <u>Farmer</u>, 511 U.S. at 837.

27  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane

28

1   conditions of confinement only if he knows that inmates face a substantial risk of harm and

2   disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 835.

3   Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or

4   by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Farmer, 511 U.S. at

5   844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but

6   rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost v. Agnos, 152

7   F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

8          "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

9   Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

10  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive

11  to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).  "[E]xtreme

12  deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

13  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of

14  the penalty that criminal offenders pay for their offenses against society, only those deprivations

15  denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of

16  an Eighth Amendment violation."  Id. (quotations and citations omitted).  "[E]xtreme deprivations

17  are required to make out a conditions-of-confinement claim."  Hudson v. McMillian, 503 U.S. 1, 9

18  (1992) (internal quotation marks and citations omitted).  The temporary denial of outdoor exercise

19  with no medical effects is not a substantial deprivation.  May v. Baldwin, 109 F.3d 557, 565 (9th Cir.

20  1997).

21         Plaintiff's allegations regarding the conditions of his lock down are insufficient to state a

22  claim for violation of the Eighth Amendment.  Although he has described some discomfort from his

23  conditions, the conditions, as described do not rise to the level required to state a claim under the

24  Eighth Amendment.  In addition, he has failed to allege that the conditions were caused by the

25  deliberate indifference of a named defendant.  The Civil Rights Act under which this action was filed

26  provides:

27         Every person who, under color of [state law] . . . subjects, or causes to

28

be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

## IV.  Leave to Amend

In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d

1  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer

2  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

3  each claim and the involvement of each defendant must be sufficiently alleged.

4         In accordance with the above, IT IS HEREBY ORDERED that:

5              1.  Plaintiff's complaint is dismissed; and

6              2.  Plaintiff is granted thirty days from the date of service of this order to file an

7  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

8  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

9  number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original

10  and two copies of the amended complaint; failure to file an amended complaint in accordance with

11  this order will result in dismissal of this action for failure to state a claim and failure to comply with

12  the court's order.

13         IT IS SO ORDERED.

14  **Dated:    October 5, 2006**                      **/s/ Dennis L. Beck**
    3b142a                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28